NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **HUAFENG XU,** | : | |
| | : | **Civil Action No.: 13-5626 (ES)(MAH)** |
| **Plaintiff,** | : | |
| | : | **OPINION** |
| **v.** | : | |
| | : | |
| **WILLIAM T. WALSH,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**SALAS, District Judge**

**I.    Introduction**

Plaintiff Huafeng Xu ("Plaintiff" or "Mr. Xu") filed his complaint on September 12, 2013. (D.E. No. 1).  Plaintiff requests that this Court "[i]mmediately investigate if" Defendant William T. Walsh ("Defendant" or "Mr. Walsh"), the Clerk of the Court, "has been obstructing the Justice at the Court."  (*Id.* at 3 ¶ 2).[1]  Plaintiff further seeks that this Court impose the "maximum punishment including any jail time if applicable" and award Plaintiff monetary relief in the amount of \$4,000,000.  (*Id.* at 3 ¶¶ 4-5).  For the reasons set forth below, the Court *sua sponte* dismisses Plaintiff's Complaint against Defendant.

---

[1] The Court will reference the page number and specific paragraph of Plaintiff's Complaint for citation purposes.

## II.   Background

This matter purportedly stems from two civil actions—both terminated cases before the Honorable Peter G. Sheridan, U.S.D.J. ("Judge Sheridan").  (*See* Civil Action Nos. 12-7844 and 13-4026).[2]

In *Xu v. Naqvi*, No. 12-7844, Mr. Xu filed a lawsuit against two Internal Revenue Service employees, alleging that they violated his constitutional rights by yelling at him and not providing him with tax auditing service and by issuing two Notices of Deficiencies.  (No. 12-7844, D.E. No. 1).   The Court dismissed the complaint for lack of jurisdiction and failure to state a claim.  (No. 12-7844, D.E. No. 32).  The Court also denied as moot five of Plaintiff's motions including, *inter alia*, a motion to have a hearing before the Chief Judge Jerome B. Simandle ("Chief Judge") and a motion to investigate if defendants obstructed justice.  (No. 12-7844, D.E. Nos. 7, 21, 24, 28, 29).  Plaintiff appealed, and the United States Court of Appeals for the Third Circuit affirmed.  *Xu v. Naqvi*, 537 F. App'x 76 (3d Cir. 2013).

On June 28, 2013, in *Xu v. Keneally*, No. 13-4026, Mr. Xu filed a lawsuit against two United States attorneys who represented the defendants in *Xu v. Naqvi*, alleging that they obstructed justice by improperly signing their notices and failing to follow CM/ECF policies and procedures.  (No. 13-4026, D.E. No. 1).  There, Mr. Xu also filed several frivolous motions including, *inter alia*, a motion to reassign the case; a motion to investigate, stop and prosecute Magistrate Judge Douglas E. Arpert ("Judge Arpert") for obstructing justice; and a motion to have a hearing before the Chief Judge.  (No. 13-4026, D.E. Nos. 13, 25, 30).  On February 6, 2014, the

---

[2] The Court notes that Plaintiff has filed at least two other similar cases in this District, including:  (1) *Xu v. Arpert*, No. 14-0083 (D.N.J.) (*sua sponte* dismissing complaint against federal judge with prejudice); and (2) *Xu v. Waldron*, No. 14-0082 (D.N.J.) (pending).

Court granted the defendants' motion to dismiss, finding that Plaintiff failed to provide "a clear plain statement of a claim of relief" and that an amendment would be "futile in light of the number of other similar nonsensical cases that have been filed by Mr. Xu." (No. 13-4026, D.E. No. 36).

On September 12, 2013, Mr. Xu filed the instant civil action against Defendant William T. Walsh, alleging that "as the Court Clerk of this Court, [Defendant] has been obstructing the Court Justice by violating the Local Civil and Criminal Rules of tis [sic] Court, and the Federal Civil and Criminal Procedure Rules since December 2012" with regard to Civil Action Nos. 12-7844 and 13-4026. (D.E. No. 1 at 1). As a result, Plaintiff claims that Defendant "violat[ed] all the civil rights of Huafeng Xu." (*Id.*).

## III. Discussion

Preliminarily, this Court has the inherent authority to dismiss claims *sua sponte* for failure to state a claim upon which relief may be granted under Rule 12(b)(6). *Bintliff-Ritchie v. Am. Reinsurance Co.*, 285 F. App'x 940, 943 (3d Cir. 2008) (citing *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556 (3d Cir. 1980) ("The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action."); *Xu v. Arpert*, No. 14-83, 2014 WL 200262, at *2 (D.N.J. Jan. 15, 2014) (same).

Federal Rules of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard announced by Rule 8 does not require detailed factual allegations; however, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation and quotation marks omitted).

For a complaint to survive a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). However, this Court is not required to accept "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The inquiry is "normally broken into three parts: (1) identifying the elements of the claim; (2) reviewing the complaint to strike conclusory allegations; and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Moreover, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245; *see also Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011) ("A district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile."). Furthermore, in

ruling on the present motion, the Court "must construe [Plaintiff's] complaint liberally as he is proceeding pro se." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Here, Plaintiff alleges that Mr. Walsh obstructed justice. (*See generally* D.E. No. 1). Plaintiff claims that Mr. Walsh "illegally admitted the [d]efendants" in *Xu v. Naqvi* on the Court's CM/ECF system. (D.E. No. 1 at 2 ¶¶ 1, 10, 11). Plaintiff also avers that Mr. Walsh "has been purposely helping" defendants and judges "make false statements." (*Id.* at 2 ¶¶ 3-4). And Plaintiff alleges that Mr. Walsh has ignored his repeated requests, including Plaintiff's requests to investigate the defendants in the other matters and to have a hearing before the Chief Judge. (*Id.* at 2 ¶¶ 6-7). Plaintiff also claims that Mr. Walsh ignored his complaints and assigned the previously-filed cases to Judge Sheridan. (*Id.* at 2 ¶ 8).

But the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief," and the complaint should be dismissed. *Id.* at 679 (citation and quotation marks omitted). Mr. Xu has failed to provide the grounds of his entitlement to relief, by providing a clear statement of a claim of relief. *See* Fed. R. Civ. P. 8(a)(2). Accordingly, Mr. Xu has failed to state a claim and his Complaint must be dismissed with prejudice.[3]

---

[3] As Judge Sheridan aptly found in *Xu v. Keneally*, it "would be futile [to allow Plaintiff the opportunity to amend his complaint] in light of the number of other similar nonsensical cases that have been filed by Mr. Xu." (No. 13-4026, D.E. No. 36). This Court agrees. *See Banks v. Unknown Named Number of Fed. Judges & U.S. Covert Government Agents*, 562 F. App'x 133, 134 (3d Cir. 2014) (affirming district court's dismissal where the allegations were "delusional and irrational in nature" and "frivolous").

Plaintiff's numerous applications, including his motion for default judgment; application for a hearing before the Chief Judge on why this Court has been violating the rules since December 2012; applications to arrest Mr. Walsh, Judge Sheridan and Judge Arpert; and application for a hearing, are denied as moot.[4]  (D.E. Nos. 10, 12, 14, 16, 18).

## IV.    Conclusion

For the foregoing reasons, the Court dismisses Plaintiff's Complaint against Defendant with prejudice.  An appropriate Order shall follow.

<u>s/Esther Salas</u>
**Esther Salas, U.S.D.J.**

---

[4] Pursuant to Standing Order dated January 13, 1994 of this Court, this Court need not recuse if the "assignee judge determines that the litigation is patently frivolous."  *Id.*  As such, this Court *sua sponte* dismisses the Complaint as frivolous and need not decide Plaintiff's applications.